IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) | Case No.:   CIV-21-526-D |
| 2. THE UNITED STATES OF AMERICA, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

The Plaintiff, State Farm Mutual Automobile Insurance Company, for its cause of action against the Defendant, The United States of America, states and alleges:

### Introduction

1.      This action is brought by Plaintiff, State Farm Mutual Automobile Insurance Company ("State Farm"), to recover (subrogate) the damages that it paid to or on behalf of its insured, Tori Laird, as a result of an automobile collision that occurred on or about July 17, 2019, at or near the intersection of North Burford and East 7th Street in the City of Watonga, Blaine County, State of Oklahoma.  The subject collision involved Plaintiff's insured, Tori Laird, and an employee of the Cheyenne and Arapaho Housing Authority, Malcomb Whitebird, who was operating a 2007 GMC Pickup, which was owned by the Housing Authority.

**Jurisdiction and Venue**

2.      This action is brought pursuant to 28 U.S.C. §1346(b); the Federal Tort Claims Act, 28 U.S.C. §2671 et seq.; 28 U.S.C. §2401(b), and Oklahoma common-law negligence.

3.      This Court has jurisdiction pursuant to 28 U.S.C. §1346(b).

4.      The Plaintiff has timely complied with the notice-of-claim provision contained in the Federal Tort Claims Act.

5.      More than six months has lapsed since the Plaintiff submitted its administrative claim, and the Defendant has still not formally accepted or denied Plaintiff's claim.

6.      At this time, the Plaintiff has exhausted its administrative remedies.

7.      The Plaintiff has met all conditions precedent to bring this matter pursuant to the Federal Tort Claims Act.

**Parties**

8.      Plaintiff, State Farm, is an insurance company that is organized under the laws of the State of Illinois, and is conducting business within the State of Oklahoma.

9.      The United States Department of Housing and Urban Development is an agency of Defendant, The United States of America.  Therefore, The United States of America is the appropriate Defendant under the Federal Tort Claims Act.

## Facts

10.    The subject collision occurred on July 17, 2019, near the intersection of North Burford and East 8th Street, in the City of Watonga, Blaine County, State of Oklahoma.

11.    The subject collision involved Plaintiff's insured, Tori Laird, and an employee of the Cheyenne and Arapaho Housing Authority, Malcomb Whitebird, who was operating a 2007 GMC Pickup at the time of the collision, which was owned by the Housing Authority.

12.    According to the Official Oklahoma Traffic Collision Report, State Farm's insured, Tori Laird, was driving northbound on North Burford when Malcomb Whitebird turned southbound into Laird's lane and collided head-on with the vehicle being operated by Ms. Laird.

13.    Following the collision, Malcomb Whitebird was cited for making an improper turn (Citation #E002342), failing to maintain his lane of travel (Citation #E002343), and failing to devote his full time and attention to the roadway (Citation #E002344).

14.    As a direct and proximate result of the collision caused by the negligence of Malcomb Whitebird, State Farm made payments to indemnify its insured for property damage caused by the collision in the amount of $3,640.13, and Ms. Laird also has a $500.00 deductible.

15.     The Plaintiff is seeking to recover its $3,640.13 in indemnity payments made to or on behalf of its insured, Tori Laird, as well as Ms. Laird's $500.00 deductible, for a total amount of $4,140.13, in addition to attorney fees and costs.

### First Cause of Action

16.     The Plaintiff's claims are based on the negligent actions of Malcomb Whitebird, an employee of the Cheyenne and Arapaho Housing Authority.

17.     Malcomb Whitebird was negligent in the following manner: (1) Improperly turning; (2) Failing to maintain his lane of travel; and (3) Failing to devote his full time and attention to the operation of a motor vehicle.

18.     Malcomb Whitebird's violations of Oklahoma's statutes pertaining to the rules of the road constitute negligence *per se*.

19.     As a direct and proximate result of the negligent acts of Malcomb Whitebird, State Farm made payments to indemnify its insured, Tori Laird, for property damage caused by the collision, and became subrogated to its insured's right of recovery to the extent of those payments, which Plaintiff now seeks to recover.

20.     At all times relevant to the subject collision, Malcomb Whitebird, employee of the Cheyenne and Arapaho Housing Authority, was acting within the scope of his employment by the Cheyenne and Arapaho Housing Authority.  Under the Federal Tort Claims Act, the Defendant, The United States of America, is liable for the above-described actions of its employee, Malcomb Whitebird.

21.     Based on the negligent actions of Malcomb Whitebird, the Plaintiff is seeking to recover its $3,640.13 in insurance benefits it paid to or on behalf of Ms. Laird,

as well as Ms. Laird's $500.00 deductible, for a total claim in the amount of $4,140.13, in addition to attorney fees and costs.

WHEREFORE, Plaintiff, State Farm Mutual Automobile Insurance Company, prays that judgment be entered in its favor and against the Defendant, The United States of America, for actual damages in the amount of $4,140.13, together with attorney fees, costs, interest, and any such other relief as this Court may deem just and proper.

Respectfully submitted,

**CATHCART & DOOLEY**

s/ Jarrett A. Wilson
Jarrett A. Wilson, OBA #31274
2807 Classen Boulevard
Oklahoma City, Oklahoma 73106
Phone: 405/524-1110
Fax: 405/524-4143
jwilson@cathcartdooley.com
ATTORNEY FOR PLAINTIFF

ATTORNEY LIEN CLAIMED